UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

| | | |
|---|---|---|
| In re: | ) | **Case No. 17-30319-WJF** |
| | ) | Chapter 13 |
| **Steven Paul Gerhardt,** | ) | |
| | ) | **NOTICE OF HEARING AND** |
| | ) | **APPLICATION FOR** |
| | ) | **PRECONFIRMATION** |
| | ) | **MODIFICATION OF** |
| | ) | **CHAPTER 13 PLAN** |
| Debtor(s). | ) | |

_____

TO: Gregory Burrell, Chapter 13 Trustee; Daniel McDermott, U.S. Trustee; and any other parties in interest.

1. Debtor(s) in the above captioned case hereby serves notice of modification, under Local Rule 3015-2(a), of the chapter 13 plan herein. A copy of the modified plan is attached hereto.

2. The confirmation hearing is scheduled to occur on **February 22, 2018,** at **10:30 a.m.,** or as soon thereafter as counsel may be heard, in **U.S. Bankruptcy Court, Courtroom 2B, 2nd Floor, 316 North Robert Street, St. Paul, Minnesota.** This notice is served pursuant to the time requirements of Local Rule 3015-2(a), and Local Rules 2015-2(a) and 3015-3 govern time for parties to serve and file objections to the plan or modified plan.

Respectfully submitted,

January 24, 2018  
Date

/e/ Craig W. Andresen  
Craig W. Andresen, #186557  
Attorney for Debtor  
2001 Killebrew Dr., Suite 150  
Bloomington, MN  55425  
(952) 831-1995

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Steven Paul Gerhardt,

Case No.: 17-30319-WJF

CHAPTER 13 PLAN    ☒ Modified

Dated: January 24, 2018

Debtor.

*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☐ Included | ☒ Not Included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:**

| | | |
|---|---|---|
| 2.1 | As of the date of this plan, the debtor has paid the trustee | $3,750.00 |
| 2.2 | After the date of this plan, the debtor will pay the trustee $375.00 per month for 1 months beginning in January (mo.) of 2018 (yr.) for a total of $375.00. The initial plan payment is due not later than 30 days after the order for relief. | |
| 2.3 | The minimum plan length is ☒ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time. | |
| 2.4 | The debtor will also pay the trustee | $600.00/mo. for 49 months totalling $29,400 |
| 2.5 | The debtor will pay the trustee a total of | $33,525.00    [lines 2.1 + 2.2 + 2.4]. |

**Part 3. PAYMENTS BY TRUSTEE:**
The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or

$3,352.50    [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):**
The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|
| 4.1. None | | | |
| TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):**
The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of property |
|---|---|
| 5.1. None | |

**Part 6. CLAIMS NOT IN DEFAULT:**

Case Number: 17-30319-WJF        Page 1 of 4

Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of property |
|---|---|
| 6.1. None | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| 7.1. Specialized Loan Servicing, LLC | $25,193.00 | $467.00 | 3 | 54 | **$25,218.00** |
| 7.2. Citi Mortgage | $1,350.00 | $450.00 | 57 | 3 | **$1,350.00** |
| TOTAL | | | | | $26,568.00 |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)):**
The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 8.1. None | | % | | | | |
| TOTAL | | | | | | |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):**
The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| Creditor | Claim amount | Secured claim | Int. rate | Begin-ning in month # | Monthly payment | x Num of pmts. | = Plan pmts. | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 9.1. None | | | % | | | | | | |
| TOTAL | | | | | | | | | |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):**

The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

Case Number: 17-30319-WJF          Page 2 of 4

| Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | x Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1. None | | % | | | | | | |
| TOTAL | | | | | | | | |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):**

The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|
| 11.1. Attorney Fees | $1,000.00 | $500.00 | 1 | 2 | **$1,000.00** |
| TOTAL | | | | | $1,000.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:**

The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly payment | Beginning in month # | x Number of payments | Total payments |
|---|---|---|---|---|---|
| 12.1. None | | | | | |
| TOTAL | | | | | |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:**

In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows: None

The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Estimated claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 13.1. None | | % | | | | |
| TOTAL | | | | | | |

**Part 14. TIMELY FILED UNSECURED CLAIMS:**

The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately

$2,604.50    [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

| 14.1 | The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are | $0.00 |
|---|---|---|
| 14.2 | The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are | $16,555.00 |
| 14.3 | Total estimated unsecured claims are [lines 14.1 + 14.2] | $16,555.00 |

**Part 15. TARDILY-FILED UNSECURED CLAIMS:**

Case Number:    17-30319-WJF    Page 3 of 4

All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:**
The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays §§362(a) and §§1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property |
|---|---|---|
| + - | 16.1. None | |

**Part 17. NONSTANDARD PROVISIONS:**
The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| + - | 17.1. If debtor's non-exempt property is sold, the proceeds shall be paid into the plan as an additional payment. |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $3,352.50 |
| Home mortgages in default [Part 7] | $26,568.00 |
| Claims in default [Part 8] | |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506 [Part 10] | |
| Priority claims [Part 11] | $1,000.00 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | $2,604.50 |
| TOTAL (must equal line 2.5) | $33,525.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: /s/ Craig W. Andresen, Attorney for Debtor

Attorney for debtor or debtor if pro se

Debtor1 signed: /s/ Steven Paul Gerhardt

Debtor2 signed (if joint case):

Case Number: 17-30319-WJF    Page 4 of 4

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re  
**Steven Paul Gerhardt**

Case No. 17-30319-WJF

Debtor(s).

# SIGNATURE DECLARATION

- ☐ PETITION, SCHEDULES & STATEMENTS
- ☐ CHAPTER 13 PLAN
- ☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
- ☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
- ☑ MODIFIED CHAPTER 13 PLAN
- ☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: **January 24, 2018**

X _/s/ Steven Gerhardt_  
Signature of Debtor1 or Authorized Representative

X _____  
Signature of Debtor 2

**Steven Paul Gerhardt**  
Printed Name of Debtor 1 or Authorized Representative

_____  
Printed Name of Debtor 2

| | |
|---|---|
| In re: | U.S. Bankruptcy Court<br>District of Minnesota |
| **Steven Paul Gerhardt,** | UNSWORN DECLARATION<br>FOR PROOF OF SERVICE |
| Debtor(s): | Bky. No. **17-30319-WJF** |

I, Erica J. Gifford, employed by Craig W. Andresen, attorney licensed to practice law in this court, with office address of 2001 Killebrew Dr., Suite 150, Bloomington, Minnesota 55425, declare that on January 24, 2018, the attached **Modified Chapter 13 Plan and Signature Declaration** shall be served upon the parties listed below by electronic service, upon the electronic filing of this document, pursuant to Local Rule 9006-1(a).   The debtor was served by U.S. Mail at the address listed below.

-------------------------------------------------------------------------------------------------------------

SERVED ELECTRONICALLY:
Daniel McDermott, U.S. Trustee
ustpregion12.mn.ecf@usdoj.gov

Gregory A. Burrell
cmecfjzkmn@ch13mn.com


SERVED BY U.S. MAIL
Steven Paul Gerhardt
14104 Rutgers Street N.E.
Prior Lake, MN 55372

See attached list.


I declare, under penalty of perjury, that the foregoing is true and correct.
Executed:  January 24, 2018.            Signed:     /e/   Erica J. Gifford

```
Label Matrix for local noticing         Nationstar Mortgage LLC                Specialized Loan Servicing LLC
0864-3                                   c/o 7616 Currell Blvd., suite 200      8742 Lucent Blvd, Suite 300
Case 17-30319                            Woodbury, MN 55125-2296                Highlands Ranch, CO 80129-2386
District of Minnesota
St Paul
Wed Jan 24 15:16:37 CST 2018

St Paul                                  BANK OF AMERICA                        BANK OF AMERICA
200 Warren E Burger Federal Building and 450 AMERICAN STREET                    PO BOX 15026
US Courthouse                            SIMI VALLEY CA 93065-6285              WILMINGTON DE 19850-5026
316 N Robert St
St Paul, MN 55101-1465


Bank of America, N.A.                    CITI BANK                              CITI BANK
P O Box 982284                           399 PARK AVENUE                        PO BOX 6241
El Paso, TX 79998-2284                   NEW YORK NY 10022-4699                 SIOUX FALLS SD 57117-6241



CITI MORTGAGE                            CITI MORTGAGE                          NATIONSTAR MORTGAGE
PO BOX 689196                            PO BOX 79022 MS 322                    PO BOX 619094
DES MOINES IA 50368-9196                 SAINT LOUIS MO 63179-0022              DALLAS TX 75261-9094



SEARS CREDIT CARD                        SEARS CREDIT CARD                      SHAPIRO & ZIELKE LLP
PO BOX 688957                            PO BOX 78051                           12550 WEST FRONTAGE ROAD
DES MOINES IA 50368-8957                 PHOENIX AZ 85062-8051                  SUITE 200
                                                                                BURNSVILLE MN 55337-2475


Specialized Loan Servicing LLC           US Trustee                             Craig W. Andresen
8742 Lucent Blvd, Suite 300              1015 US Courthouse                     Craig W. Andresen Law Office
Highlands Ranch, Colorado 80129-2386     300 S 4th St                           2001 Killebrew Dr. Ste 150
                                         Minneapolis, MN 55415-3070             Bloomington, MN 55425-3851


Gregory A Burrell                        Steven Paul Gerhardt
100 South Fifth Street                   14104 Rutgers Street N.E.
Suite 480                                Prior Lake, MN 55372-1452
Minneapolis, MN 55402-1250




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Nationstar Mortgage LLC               End of Label Matrix
P.O. Box 619094                          Mailable recipients    19
Dallas, TX 75261-9094                    Bypassed recipients     1
                                         Total                  20
```